**BRIDGES v. WERNER et ux.\***

No. 4656.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

William C. Boone, of Shreveport, for appellant.

F. G. Thatcher, of Shreveport, for appellees.

DREW, Judge.

Plaintiff sued the defendants jointly and in solido for the sum of $21,000 for damages alleged to have been suffered when he was struck by an automobile driven by the defendant Werner.

The accident occurred in the early part of the night just after dark. Joe Silvio was driving his car north on the Coushatta-Shreveport highway between Barksdale Field and

---

*Rehearing denied March 2, 1934.

Shreveport. In the car with him there were six negroes, and one was riding on the rear bumper, with plaintiff on the left running board of the car. Defendant Werner was driving south on the same highway. At the point of accident, there was no public crossing. The traffic on this highway between Barksdale Field and Shreveport is unusually heavy. When the Silvio car reached a point nearly opposite plaintiff's home, the car was brought to a stop, or a near stop, and plaintiff alighted and attempted to cross the highway. He had nearly succeeded in doing this when he was struck by the Werner car.

The act of negligence charged to Werner is that, when about 200 feet north of the point of accident, the lights on his car went off and did not come back on until the car was within 30 or 40 feet of plaintiff. Plaintiff is borne out in this line of testimony by most of the negroes riding in the car, and is borne out to some extent by two other witnesses who were some distance behind the Silvio car and who were traveling in the same direction. As against this testimony, we have that of Mr. Werner and his wife to the effect that the lights on the car were turned on before they left Shreveport, were never turned off, and were burning at the time of the accident.

Defendants contend that plaintiff jumped off the running board of the Silvio car and ran across the highway directly in front of the Werner car, and when the Werner car was too close to plaintiff to stop before striking him.

The lower court sustained the view of defendants and rejected the demands of plaintiff, who has appealed.

■■ The case involves only questions of fact, and, unless we find the decision of the lower court clearly erroneous, we shall not disturb it. It is easy for us to see how the lower court arrived at its conclusion. The negro witnesses upon whom plaintiff chiefly relies were crowded in the Silvio car, going home from work. There were so many in the car that it was necessary for some to sit in the others' laps. They were laughing and talking and, no doubt, paying little attention to the road. Just before plaintiff left the running board, a car passed traveling north, and, according to his testimony, he waited for this car to get 7 or 8 feet past the Silvio car before he left the running board. This car that

passed at that time would have obstructed the view of the on-coming Werner car and easily accounts for the lights of the Werner car not being visible to plaintiff and the occupants of the Silvio car. This is the view taken by the lower court, and, we think, a correct deduction.

Plaintiff contends that, when the lights of the Werner car went off, the car was about 150 feet away, and he thought that it had gone into a filling station and there would be no danger in crossing. The distance from the point of accident to the nearest filling station is more than 250 feet, and, if plaintiff thought the car had gone into the filling station, it would have been an easy matter for him to ascertain that fact by looking. If he had looked, there would have been no difficulty in seeing by the lights of the filling station whether the car had gone in there or not. We conclude, therefore, that his reason for thinking the car had gone into the filling station was because he did not see the lights is not a sound one. Furthermore, according to his own testimony, he placed the Werner car, when the lights went off, 100 feet south of the filling station.

At the point plaintiff attempted to cross the highway, there was no public or private crossing of any kind, and was not a place which would require any extra precaution on the part of one using the highway, as was Mr. Werner, and it was the duty of plaintiff before attempting to cross at that point to have made sure that he could do so in safety. When he saw the Werner car coming south only 150 feet away, he should have been cautious, and, even though the lights on the Werner car did go out, he would not have been free from negligence in attempting to cross. According to plaintiff's testimony, he saw the Werner car coming, the lights went out, and he darted across the road without attempting to make sure the Werner car had stopped. He was negligent in so doing, and his negligence was a proximate, contributing cause that will bar his recovery.

■ The answer of defendants denied any negligence on their part and pleaded contributory negligence in the alternative. We conclude that either or both defenses are good, and the judgment of the lower court is correct, and is therefore affirmed, with costs.

MILLS, J., recused.